IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CRYSTAL E. NEWSOME, )<br>)<br>) CIVIL ACTION NO. 0:05-1858-JFA-BM<br>Plaintiff, )<br>)<br>v. ) **REPORT AND RECOMMENDATION**<br>)<br>JO ANNE B. BARNHART )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>_____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The record shows that Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of July 18, 1999 due to hip, back and left knee pain. (R.pp. 14-15, 73-74). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), who found after a hearing that Plaintiff retained the residual functional capacity (RFC) to perform a significant range



of light work[1] and was therefore not disabled. (R.pp. 34-41). However, the Appeals Council remanded the case for further action; (R.pp. 64-65); and a supplemental hearing was held on January 12, 2004. (R.pp. 237-269). The ALJ thereafter denied Plaintiff's claim in a written decision issued May 25, 2004. (R.pp. 14-25). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 8-10).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

2



> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **Discussion**

A review of the record shows that Plaintiff, who was forty (40) years old when she alleges she became disabled, has an eleventh grade education and past relevant work as an inspector and material handler. (R.pp. 14, 91, 112, 228-231). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retains the residual functional capacity to perform a significant range of light work, and is therefore not disabled. (R.pp. 23-24).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to properly



evaluate her knee impairment under Listing 1.02 [2], by failing to properly assess and consider the opinions of Plaintiff's treating and consulting physicians, by failing to properly explain his findings regarding Plaintiff's RFC as required by SSR-96-8p, and by failing to correctly assess Plaintiff's credibility. Although Plaintiff's arguments with respect to these claims are largely unconvincing, after careful review and consideration of the evidence, the undersigned is constrained to agree that a reversal with remand of the cause to the Commissioner is required due to the ALJ's failure to adequately explain the basis of his RFC determination.

       The medical records of Dr. Timothy Shannon (one of Plaintiff's treating physicians) generally reflect that, although Plaintiff has degenerative joint disease in her knee, she had full range of motion with only mild tenderness of the lumbosacral muscles and medial left knee. (R.pp. 161-163, 166). Records of a second treating physician, Dr. Jewell Duncan, show some mild quadriceps atrophy and good stability of the knee in September 2000, that Plaintiff did well with physical therapy in the early part of 2001, and that an examination in June 2001 showed full range of motion with no redness or swelling in the knee. (R.pp. 172-175, 177, 203). The medical record further reflects that Dr. Guy Heyl opined on November 26, 2003, after he performed a consultative examination, that Plaintiff met the requirements of Listing 1.02.[3] The medical record also contains

---

[2] In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

[3] The ALJ rejected this opinion, noting that Dr. Heyl had examined Plaintiff on only one occasion and was not a treating physician. (R.pp. 21-22). See Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; see also Matney Ex. Rel Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) [ALJ may properly give little weight to the opinion of an examining physician who saw the claimant only one time]; Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) [physician opinion that a claimant



reports from two state agency medical consultants, who completed physical residual functional capacity assessments after review of Plaintiff's records. On October 13, 2000, Dr. William Crosby opined that, <u>inter alia</u>, Plaintiff could stand and/or walk for a total of at least two (2) hours in an 8-hour workday, and sit for about six (6) hours. (R.p. 194). The second state agency physician, whose signature is illegible, set forth these same restrictions in an assessment completed on July 10, 2001. (R.p. 185).

With respect to Plaintiff's complaints about the ALJ's assessment of the treating and consulting physician opinions, Plaintiff sets forth three basic arguments: First, that the ALJ did not properly consider the opinion of Dr. Heyl; second, that Dr. Duncan completed a disability placard application for the Plaintiff indicating that she needed a disability placard for her car due to a permanent impairment of mobility; and third, that the state agency physicians both found that Plaintiff was limited to standing or walking approximately two hours a day, while the ALJ found that Plaintiff could stand or walk six hours a day. The first two of these arguments do not warrant reversal of the decision in this case. As previously noted, the ALJ explained his rationale for rejecting the opinion of Dr. Heyl, and for the reasons already stated, the ALJ having done so does not constitute any reversible error. <u>Hays</u>, 907 F.2d at 1456; <u>Matney</u>, 981 F.2d at 1020; <u>Castellano</u>, 26 F.3d at 1029. As for Dr. Duncan completing an application for Plaintiff to obtain a disability parking placard for her car, the Commissioner correctly notes that this does not represent a finding by Dr. Duncan that Plaintiff is unable to work, nor did Dr. Duncan ever issue any such opinion. (R.p. 202); <u>see</u> 20 C.F.R. § 404.1504.

---

is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"]; 20 C.F.R. § 404.1527(e) ["a statement that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"].

5



However, Plaintiff's third argument highlights a significant flaw in the decision. The ALJ found in his decision that Plaintiff retained the RFC to perform a limited range of light work, with, inter alia, no standing and/or walking over six hours in an eight-hour workday. (R.p. 21). The ALJ states that his decision is supported by the opinions of the state agency medical consultants, and points out that their opinions are entitled to "weight as those of highly qualified physicians who are experts in the evaluation of the medical issues in disability claims...." (R.p. 22). However, both of these medical consultants limited Plaintiff to standing and/or walking two (2) hours a day. The record does not reflect any other medical opinion stating how many hours a day the Plaintiff can stand and/or walk, although it is clear in the record (as the ALJ found) that Plaintiff suffers from degenerative joint disease of the left knee which has resulted in chronic pain. (R.p. 24). The ALJ failed to credit the medical consultants' opinions on this issue, but did not discuss why. *Cf.* Seitz v. Commissioner, 25 Fed.Appx. 229, 230-231 (6th Cir. 2001) [Case remanded where ALJ erred in discounting opinions of plaintiff's two treating physicians that she was limited to two hours of standing during eight-hour day]; Dewey v. Barnhart, No. 05-3329, 2006 WL 1109767 (10th Cir. Apr. 27, 2006) [Case remanded where the record lacked medical evidence to support ALJ's RFC finding]; Barillaro v. Commissioner, 216 F.Supp.2d 121, 129-130 (E.D.N.Y. 2002).

Plaintiff's ability to walk may further restrict her ability to perform light work; Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) [The Social Security Administration has clarified that sedentary work "generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour day."]; and while the ALJ properly took into account Plaintiff's medical records, his reference to the Plaintiff being encouraged to walk more does not demonstrate how he determined



that Plaintiff was, in fact, limited in her ability to walk, but only to six hours rather than the two hours opined by the medical consultants.

Based on these inconsistent findings, and the ALJ's failure to adequately explain how he arrived at a six hour walking restriction notwithstanding his having credited the opinions of the state agency physicians, remand is required. See Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; 20 C.F.R. § 404.1527(f)(2)(ii) ["Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a state agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us."]. See also SSR.96-6p, 1996 WL 374180 at *1 ["Administrative law judges and the Appeals Council may not ignore [State agency medical and psychological consultants and other program physicians and psychologists] opinions and must explain the weight given to these opinions in their decisions."]; Nichols v. Commissioner, 260 F.Supp.2d 1057, 1076 (D.Kan. 2003); *cf.* Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians]; Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician].

With respect to the remainder of Plaintiff's complaints concerning the decision, while the undersigned does not find any reversible error with respect to those complaints, on remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the evidence as part of the

7



reconsideration of this claim.  Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it was vacated and the new hearing is conducted *de novo*].

**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to Plaintiff's residual functional capacity, and for such further administrative action as is deemed necessary and appropriate. Cotter v. Harris, supra; Seitz, 25 F.Appx. at 230-231; Dewey v. Barnhart, supra; see  Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 15,  2006

