IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Crystal E. Newsome, ) | |
| ) | C/A No. 0:05-1858-JFA-BM |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Crystal E. Newsome, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

The plaintiff first applied for SSI and DIB on August 17, 2000 and July 19, 2000 respectively, alleging disability since July 18, 1999 due to hip, back, and left knee pain. Her claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") held a hearing and found that the plaintiff retained the residual functional capacity ("RFC") to perform a significant range of light work and was therefore not disabled. The Appeals Council remanded the case for further action. The ALJ then held a supplemental hearing and again denied plaintiff's claim in a written decision issued May 25, 2004. The Appeals Council denied the subsequent request for review of the ALJ's decision, thereby making it the final decision of the Commissioner.

The ALJ determined that the plaintiff was not disabled and made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b) and 416.920(b).

2

4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7.  The claimant retains the residual functional capacity to perform work with restrictions that require: no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no pushing or pulling over 20 pounds; no standing and/or walking more than six hours in an eight hour day; a sit to stand option; limited stooping, twisting, crouching, kneeling and climbing stairs or ramps; no crawling, balancing or climbing of ladders or scaffolds; and no foot pedals or other controls with the left lower extremity.

8.  The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

9.  The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

10. The claimant has a "limited education" (20 CFR §§ 404.1564 and 416.964).

11. The claimant has transferable skills from semi-skilled work previously performed as described in the body of the decision (20 CFR §§ 404.1568 and 416.968).

12. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

13. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.18 and 202.19 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include semi-skilled, light work as an inspector, and unskilled light work as a hand packer, garment folder and cashier/self-service.

>14.	The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

The plaintiff was 40 years old at the alleged onset of her disability. She has an eleventh-grade education and past relevant work as an inspector and material handler.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The United States Magistrate Judge to whom this matter was referred filed a thorough Report and Recommendation suggesting that the Commissioner's decision be reversed and remanded so that the ALJ could perform a proper evaluation, discussion and findings with respect to plaintiff's residual functional capacity. Because the Report provides a recitation of the pertinent facts in this case, such will not be repeated in this order.

The Commissioner objects to this Recommendation and asks the court to affirm the Commissioner's decision. The Commissioner submits that the ALJ adequately assessed plaintiff's residual functional capacity. At issue is the ALJ's finding that the plaintiff could stand/walk *no more than 6 hours* in an eight-hour workday. However, the State agency medical consultants determined that plaintiff could stand/walk *at least two hours* in an eight-hour work day.

As the Magistrate Judge notes in the Report, the ALJ failed to credit the medical consultants' opinions on the plaintiff's stand/walk capacity, but did not discuss why. For this reason, the Magistrate suggests remand to the Commissioner so that the ALJ can re-evaluate the RFC. The Magistrate notes that the ALJ can also reconsider and re-evaluate the plaintiff's credibility and the evidence as part of the reconsideration of this claim. Finally

with regard to the remainder of plaintiff's complaints concerning the Commissioner's decision, the Magistrate Judge does not find any reversible error.

Having reviewed the findings of the ALJ, the parties' briefs, the record before the Commissioner, the defendant's objections, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and that the arguments raised by the Commissioner in her objections have already been adequately and properly addressed in the Report. The court concurs with both the reasoning used and the recommendation made by the Magistrate Judge.

The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision should be reversed and this case be remanded to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to the plaintiff's residual functional capacity, and any such further administrative action as is deemed necessary and appropriate.

Accordingly, the Commissioner's decision is reversed under Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further administrative proceedings as set forth above.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

September 11, 2006
Columbia, South Carolina